**NEC AMERICA, INC., Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**Court No. 83–6–00799S.**

United States Court of International Trade.

Dec. 18, 1987.

Glad & Ferguson (Edward N. Glad, Los Angeles, Cal., at the trial and on the brief), for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, Intern. Trade Field Office (Saul Davis, New York City, at the trial and on the brief), for defendant.

## MEMORANDUM OPINION AND ORDER

RE, Chief Judge:

The question presented in this case pertains to the proper classification, for customs duty purposes, of certain merchandise imported from Japan, and described on the customs invoice as "paging receivers."

The merchandise was classified by the Customs Service as "Other: Solid-state (tubeless) radio receivers: .... Other" under item 685.24 of the Tariff Schedules of the United States (TSUS). Consequently, the merchandise was assessed with duty at a rate of 8.8 per centum *ad valorem.*

Plaintiff protests this classification and contends that the merchandise is properly classifiable under item 685.70, TSUS, as "indicator panels, ... and other sound or visual signalling apparatus," dutiable at a rate of 3.5 per centum *ad valorem.*

The pertinent statutory provisions of the tariff schedules are as follows:

Classified under:

Schedule 6, Part 5:

Radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcasting and television transmission and reception apparatus, and television cameras; record players, phonographs, tape recorders, dictation recording and transcribing machines, record changers, and tone arms; all of the foregoing, and any combination thereof, whether or not incorporating clocks or other timing apparatus, and parts thereof:

. . . .

Radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcasting and reception apparatus, and parts thereof:

. . . .

Other:

Solid-state (tubeless) radio receivers:

. . . .

685.24    Other .............. 8.8% ad val.

Claimed under:

Schedule 6, Part 5:

685.70   Bells, sirens, indicator panels, burglar and fire alarms, and other sound or visual signalling apparatus, all of the foregoing which are electrical, and parts thereof ................. 3.5% ad val.

▉ The question presented is whether, within the meaning of the tariff provisions, the imported merchandise is dutiable as "Other: Solid-state (tubeless) radio receivers: .... Other," as classified by Customs, or as "indicator panels, ... and other sound or visual signalling apparatus," as claimed by plaintiff. Since it is the determination of the court that plaintiff has not proven that the imported display pagers were incorrectly classified, the classification of the merchandise as "Other: Solid-state (tubeless) radio receivers: .... Other," under item 685.24, TSUS, is sustained.

The merchandise in the present case was the subject of prior customs litigation by the same plaintiff-importer in *NEC America, Inc. v. United States,* 8 CIT 184, 596 F.Supp. 466 (1984), *aff'd,* 760 F.2d 1295 (Fed.Cir.1985). In that case, identical merchandise was also classified as solid-state (tubeless) radio receivers, under item 685.-24, TSUS. Plaintiff there also contended that the merchandise was incorrectly classified, and should have been classified as "indicator panels, ... and other sound or visual signalling apparatus," under item 685.70, TSUS. After an examination of the merchandise, relevant case law, lexicographic definitions, and testimony, the court held that plaintiff failed to overcome the presumption of correctness which attached to the government's classification, and sustained the classification of the merchandise by the Customs Service. Plaintiff appealed to the United States Court of Appeals for the Federal Circuit, and the appellate court affirmed that decision on the basis of the opinion of this court. *NEC America, Inc. v. United States,* 760 F.2d 1295 (Fed.Cir.1985).

The imported paging receivers are described in *NEC America, Inc. v. United States,* 8 CIT 184, 596 F.Supp. 466 (1984). In sum, the pager is a small electrical device which alerts users to messages visually displayed on a panel. The pager is bat-

tery powered and has liquid crystal diode visual display (LCD) units with a 10–digit capacity. It is pre-set to a certain radio frequency channel and is activated by means of a three-motion switch. When the switch is turned, the pager emits a tone and the liquid crystal display is illuminated to indicate that it is operational.

When reset, the pager is activated by a binary digital code transmitted over the pre-set radio channel. The radio signal is received by the pager, detected, and sent to a decoding device which activates the pager. When activated, the pager generates a tone and presents numerical information on a visual display LCD. The device converts binary information received through the radio frequency into digital information on the LCD. The pager can thereby receive information such as telephone numbers, stock quotations, or coded messages. It also has a memory capability which allows it to store and recall messages.

In *NEC America*, plaintiff's principal contention was that a radio receiver necessarily requires a tuner and an audio amplifier, and, therefore, the imported merchandise could not properly be classified as radio receivers because the articles did not contain either tuners or audio amplifiers. 8 CIT at 186, 596 F.Supp. at 467–68. The court found this argument to be contrary to the common meaning of "radio receiver" as found in lexicographic authorities and relevant case law. *Id.* at 186–91, 596 F.Supp. at 467–71.

In determining whether the imported paging receivers were within the meaning of "radio receivers," as used by Congress in the tariff schedules, the court cited the well-established principle that "[t]he meaning of a tariff term 'is presumed to be the same as its common or dictionary meaning in the absence of evidence to the contrary.'" *Id.* at 186, 596 F.Supp. at 468 (quoting *Bentkamp v. United States*, 40 CCPA 70, 78, C.A.D. 500 (1952)). In ascertaining the common meaning of "radio receiver," the court reviewed various lexicographic authorities and relevant case law and determined that the basic functions of a radio receiver are selectivity, amplifica-

tion, and detection. 8 CIT at 190, 596 F.Supp. at 470. The expert testimony presented at trial by the defendant was consistent with this definition of radio receiver. *Id.* at 187, 596 F.Supp. at 468. In addition, both plaintiff's and defendant's experts agreed that the display pagers perform these functions.

Plaintiff, however, asserted that radio receivers must also have variable tuning and audio amplification. The court noted that the cases cited by plaintiff in support of its contention dealt with devices "designed to receive commercial radio stations that broadcast to the public at large." *Id.* at 189, 596 F.Supp. at 470. The court held, however, that while commercial broadcast receivers would not be practical without tuners and audio amplifiers, "[t]he class of 'radio receivers,' . . . is not limited to entertainment broadcast receivers, and as an *eo nomine* designation, includes all forms of radio receivers." *Id.*

The court also considered plaintiff's contention that the merchandise should have been classified under item 685.70, TSUS, which covers electrical "[b]ells, sirens, indicator panels, burglar and fire alarms, and other sound or visual signalling apparatus," and found it to be without merit. *Id.* at 191, 596 F.Supp. at 471. After examining the prior case law, the court indicated that classification under item 685.70, TSUS, was "limited to those articles whose sole purpose and function is merely signalling." *Id.* Hence, the court concluded that the superior capabilities of the display pagers in issue, with their ability to display information in digital form and to retain it for later recall, clearly "transcend mere signalling." *Id.*

Finally, the court concluded that since the imported display pagers "select a frequency, amplify it, and convert radio signals into perceptible signals, *i.e.*, visual digital indications on the LCD," they perform the essential functions of a radio receiver. *Id.* at 190, 596 F.Supp. at 470. Consequently, the court held that the display pagers were properly classified by Customs as " 'solid-state (tubeless) radio receivers'

under item 685.24, TSUS." *Id.* at 192, 596 F.Supp. at 472.

In the present action, plaintiff contends that the court in *NEC America* was in error with respect to the classification of the imported display pagers and maintains that the display pagers are properly dutiable as "indicator panels, ... and other sound or visual signalling apparatus," under item 685.70, TSUS. NEC again argues that the display pagers cannot properly be classified as radio receivers because they do not contain tuners or audio amplifiers, and that radio receivers necessarily require tuners and audio amplifiers. Furthermore, NEC contends that the inferior heading of "Other: Solid-state (tubeless) radio receivers" is limited by its immediate superior heading to radiobroadcasting apparatus, pursuant to General Headnote 10(c)(i), TSUS.

In order to prevail in this action plaintiff must present clear and convincing evidence to prove that the court's decision in *NEC America* was erroneous. *See Bar Zel Expediters, Inc. v. United States*, 3 CIT 84, 90, 544 F.Supp. 868, 873 (1982), *aff'd*, 698 F.2d 1210 (Fed.Cir.1983); *M.L. de Lange v. United States*, 76 Cust.Ct. 33, 38, C.D. 4631 (1976). If plaintiff does not show that the display pagers were improperly classified, the court must decide whether the holding of the *NEC America* decision should be followed under the doctrine of *stare decisis.* The following statement on the application of *stare decisis,* found in the case of *United States v. Dodge & Olcott, Inc.,* 47 CCPA 100, C.A.D. 737 (1960), is equally applicable here:

While we always are open to consider any proper and pertinent matters which bear upon the issue of possible error in an earlier decision, such matters when presented must be clear and convincing. It is unfair both to the courts and to the parties litigant that there be a readjudication of issues previously determined except upon a clear and convincing showing of error. This requirement is not satisfied by a reargument of the former issues on the same or a merely cumulative record.

*Id.* at 103; *see also Bar Zel Expediters,* 3 CIT at 90, 544 F.Supp. at 873.

In this case, it cannot be doubted that the plaintiff has not made a clear and convincing showing that the holding of *NEC America* was erroneous. NEC contends that the tariff item for solid-state (tubeless) radio receivers does not encompass radiotelegraphic or radiotelephonic receivers, because the superior heading divides radiotelegraphic and radiotelephonic receivers from radiobroadcasting and television receivers with a semicolon. NEC submits that "the inferior heading for 'other solid-state (tubeless) receivers' is limited by its immediate superior heading to radiobroadcasting receivers," by virtue of General Interpretative Rule 10(c)(i), TSUS, which provides that an inferior heading cannot enlarge its superior heading.

NEC's interpretation of the tariff schedules is not supported by either the statutory language, or the General Interpretative Rules. It is clear from an examination of the tariff schedules that there is only one main superior heading rather than two, as contended by NEC. Hence, item 685.24 encompasses radiotelegraphic and radiotelephonic apparatus, as well as, radiobroadcasting apparatus. If the tariff schedules were interpreted as NEC contends, there is no inferior heading that encompasses radiotelegraphic and radiotelephonic apparatus, and, therefore, there would be no tariff item which would provide for duties on the imported paging receivers. Plaintiff's suggested interpretation of the tariff schedules would render the specification of radiotelegraphic and radiotelephonic apparatus superfluous, and violate the presumption that Congress has not used superfluous words. *See Ameliotex, Inc. v. United States,* 65 CCPA 22, 25, C.A.D. 1200, 565 F.2d 674, 677 (1977).

Furthermore, the main superior heading to item 685.24, cannot be interpreted as being divided into two sections by a semicolon, as this grammatical construction of the statute would "bring[ ] an anomalous result contrary to the manifest intention of Congress...." *See L.R. Markell v. United States,* 16 Ct.Cust.App. 518, 520 (1929).

Hence, the court must give effect to the legislative intent that the provision for "Other: Solid-state (tubeless) radio receivers: .... Other," item 685.24, TSUS, was to encompass all the categories of radio receivers listed in the main superior heading.

■ NEC again contends that the imported display pagers are not within the common meaning of "radio receiver," because that term encompasses more than just the functions of selectivity, amplification and detection. In support of its contention NEC presented the testimony of experts who testified that a receiver which performs the functions of selection, amplification, and detection is not necessarily a solid-state (tubeless) radio receiver, as it must also have a tuner and audio amplifier. With the exception of this expert testimony, there was no other support for plaintiff's position, which was considered and rejected by the court in *NEC America*. Hence, plaintiff's expert testimony does not constitute a clear and convincing showing of error. It is not questioned that the opinions of experts are relevant in determining the common and commercial understanding of a tariff term. This testimony, however, is advisory only, and unsupported assertions and opinions are no more probative when reiterated than when first offered for the consideration of the court. *See Toyota Motor Sales, U.S.A., Inc. v. United States*, 7 CIT 178, 183–84, 585 F.Supp. 649, 654 (1984), *aff'd*, 753 F.2d 1061 (Fed.Cir.1985).

For the first time, NEC contends that radio receivers must operate on a "real time," or instantaneous basis, rather than transmit a message that has been decoded in a memory to make it perceptible to the user, as with the display pagers in the case. Apart from the opinions of NEC's experts, this contention is unsubstantiated by any authoritative source. No lexicographic definition imposes such a limit on the term radio receiver. Furthermore, as indicated by the defendant, plaintiff's position or assertion is contrary to several types of devices which are commonly considered radio receivers. The examples given included Lotus broadcast and telegraphic radio receivers, some Telex telegraphic radio receivers, and Muzak broadcast radio receivers.

Finally, NEC asserts that the display pagers would be more appropriately classified as "indicator panels, ... and other sound or visual signalling apparatus," because they are primarily indicator panels which signal the user. NEC submits that the memory capabilities of these display pagers are merely subsidiary functions of the device. This argument ignores the fact that, beyond the additional ability of these devices to store and recall information, the pagers communicate information from one point to another. As indicated in *NEC America*, these capabilities transcend the function of signalling or alerting the user of an abnormal or unusual circumstance. *See* 8 CIT at 191, 596 F.Supp. at 471–72. Merchandise, such as the display pagers in this case, which does more than signal the user is not classifiable as "signalling apparatus." *Cf. United States v. Flex Track Equipment Ltd.*, 59 CCPA 97, 100, C.A.D. 1046, 458 F.2d 148, 151 (1972).

In sum, NEC has not made a clear and convincing showing of error in the holding of *NEC America*. Although plaintiff has established a more expansive record by presenting additional expert testimony, plaintiff did not rebut the presumption of correctness of the government's classification. Moreover, defendant did not merely rely on the statutory presumption of correctness that prevails in customs classification cases. It introduced persuasive expert testimony to refute the testimony of plaintiff's witnesses, and to prove that the merchandise was properly classified by Customs. *See NEC America, Inc. v. United States*, 8 CIT at 190–91, 596 F.Supp. at 471.

It is the determination of the court that the holding in *NEC America* is not clearly erroneous, and that under the doctrine of *stare decisis*, is a binding precedent in the present action. Hence, the government's classification of the display pagers as "Other: Solid-state (tubeless) radio receivers.... Other," under item 685.24, TSUS,

is sustained. Judgment will issue accordingly.

### JUDGMENT